FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

Oct 19  3 24 PM '04

RALPH L. DELOACH
CLERK

BY _____ DEPUTY
AT WICHITA, KS.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA )
    Plaintiff, )
               )
ex. rel [UNDER SEAL] )
               ) Case No. 04-2389-GTV/DJW
               )
vs. )
               )
[UNDER SEAL] )
               ) **FILED UNDER SEAL**
    Defendants. )

## UNITED STATES' EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO CONSIDER ELECTION TO INTERVENE AND OF TIME DURING WHICH THE COMPLAINT AND OTHER DOCUMENTS SHALL REMAIN UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES EX REL. MULQUEEN, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 04-2389-GTV/DJW |
| v. ) | |
| ) | **FILED UNDER SEAL** |
| MEDICIS PHARMACEUTICAL CORP. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## UNITED STATES' EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO CONSIDER ELECTION TO INTERVENE AND OF TIME DURING WHICH THE COMPLAINT AND OTHER DOCUMENTS SHALL REMAIN UNDER SEAL

The United States hereby applies ex parte for an Order extending until April 25, 2005, the period during which the United States may elect to intervene in the captioned False Claims Act qui tam action or to notify the Court that it declines to do so, and during which the complaint and other filings shall remain under seal. The United States makes this application pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(3), upon the grounds that this Order is required to enable the United States to investigate thoroughly the allegations made in the qui tam complaint and accompanying statement of material evidence, and to determine whether the United States wishes to intervene in this action. This application is based upon the memorandum in support of the application filed herewith, and upon the pleadings, records, and files in the above-captioned proceeding.

Counsel for the relators, Carrie M. Brous, Esq., has stated that the relators have no objection to this application.

WHEREFORE, the United States requests that the Court grant its ex parte application for an enlargement of time to consider intervention and during which the complaint and other documents remain under seal.

Respectfully submitted,

Peter D. Keisler
Assistant Attorney General

Eric F. Melgren
United States Attorney
District of Kansas

*Annette Gurney*
Annette Gurney
Assistant United States Attorney
1200 Epic Center
301 Main
Wichita, Kansas 67202
Ph. (316) 269-6481
Fax (316) 269-6484

*Dee Lord by AGurney*
Michael F. Hertz
Joyce Branda
Dee Lord
Attorneys, Civil Division
U.S. Department of Justice
Post Office Box 261
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-7371
Fax: (212) 616-3085

Dated: October 19, 2004

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES EX REL. MULQUEEN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MEDICIS PHARMACEUTICAL CORP.<br><br>Defendant. | Case No. 04-2389-GTV/DJW<br><br>**FILED UNDER SEAL** |

**MEMORANDUM IN SUPPORT OF UNITED STATES' EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO CONSIDER ELECTION TO INTERVENE AND OF TIME DURING WHICH THE COMPLAINT AND OTHER DOCUMENTS SHALL REMAIN UNDER SEAL**

The United States submits this memorandum in support of its ex parte application for a six-month extension of time, from October 25, 2004, to and including April 25, 2005, during which the United States may elect to intervene in the captioned False Claims Act qui tam action or to notify the Court that it declines to do so, and during which the complaint and other filings shall remain under seal. The relators do not object to this request for an extension.

I. **Statement of Facts**

The relators filed this action on August 20, 2004, under seal, pursuant to the False Claims Act (the "Act" or the "FCA"), as amended, 31 U.S.C. §§ 3729-33. The qui tam provisions of the FCA permit individuals to file actions on behalf of the United States, which "shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2). The United States initially has 60 days from receipt of both a properly served complaint and "substantially all material evidence and information" possessed by a qui tam relator in which to decide whether to intervene in an action.

Id. In this case, the United States' initial sixty (60) day period expires on October 25, 2004.

The complaint names Medicis Pharmaceutical Corp. (Medicis), a Delaware corporation headquartered in Scottsdale, Arizona, which engaged in the development, manufacturing, and marketing of drugs throughout the United States, including the state of Kansas. The relators are former employees of Medicis who sold pharmaceuticals, including the drugs Loprox and Loprox TS (Loprox), the substances at issue in the complaint. The relators allege that Medicis, in violation of federal law, marketed Loprox for applications that are not approved by the Food and Drug Administration (FDA). Prescriptions for these unapproved uses were allegedly paid by government health insurance payors, including Medicaid and TRICARE (which provides health benefits to dependents of military personnel), resulting in violation of the FCA.

Specifically, the complaint concerns the defendant's marketing of Loprox, an anti-fungal preparation, as a remedy for dermatitis and other skin disorders, especially "diaper rash," in infants and toddlers. According to the complaint, Loprox has not been approved by the FDA for use in the treatment of babies, toddlers or children under the age of 10, and has not been proven safe and effective for such use. The complaint alleges that, starting in 2001, Medicis aggressively marketed Loprox to pediatricians for the treatment of children, in violation of federal law.

## II. Points and Authorities

The qui tam provisions of the False Claims Act provide in pertinent part that:

> (2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served

> on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.
>
> (3) The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2).

31 U.S.C. §§ 3730 (b) (2) and (3) (emphasis added).

The United States respectfully submits that it has good cause for an extension in this case. The complaint raises complicated legal and factual issues under several statutes. The complaint alleges a nationwide scheme involving numerous individuals over a period of years. Investigation of the allegations involves several investigative and executive agencies, including the Office of the United States Attorney for the District of Kansas and the Civil Division of the Department of Justice. In addition to requiring detailed legal and factual analysis, the investigation requires substantial organizational effort to ensure prompt and complete fact-finding and evaluation.

The United States already has contacted various agencies whose programs and activities are implicated by the complaint. Attorneys have been assigned to this case in the Civil and Criminal Divisions of the United States Attorney's Office in Kansas, and in the Civil Division of the Department of Justice in Washington. Investigative agents of the FDA and the Kansas Medicaid Fraud Control Unit have been assigned. Agents have met with counsel and have interviewed two of the four relators. Efforts are under way to conduct additional interviews and to consult with various government agencies to assist in evaluating the merits of the complaint under the FCA and quantifying any damage that may have been caused to the government.

-3-

Additional time will be necessary to continue and expand these efforts, and to consult among the various agencies to determine the proper course of action for the government in response to the complaint. The United States therefore seeks an order keeping the Complaint and material evidence under seal during the requested extension period.

## III. CONCLUSION

For the above reasons, the United States respectfully requests that its application for a six-month extension of time, to and including April 25, 2005, during which the complaint and other documents filed in this matter shall remain under seal and during which the United States may evaluate its decision whether to intervene in the action, be granted. The relator concurs in this request.

Respectfully submitted,

Peter D. Keisler
Assistant Attorney General

Eric F. Melgren
United States Attorney
District of Kansas

*[signature]*
Annette Gurney
Assistant United States Attorney
1200 Epic Center
301 Main
Wichita, Kansas 67202
Ph. (316) 269-6481
Fax (316) 269-6484

*[signature: Dee Lord by A. Gurney]*
Michael F. Hertz
Joyce Branda
Dee Lord

-4-

Attorneys, Civil Division
U.S. Department of Justice
Post Office Box 261
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-7371
Fax: (202) 616-3085

Dated: October 19, 2004